IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-01403-SKC

S.M.H.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

OPINION & ORDER

---

This action is before the Court under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff S.M.H.'s[1] applications for disability insurance benefits (DIB) and supplemental security income (SSI). The parties have consented to the Magistrate Judge's jurisdiction. Dkt 12.[2]

The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. Because the ALJ

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 11.

1

erred by failing to either account in the RFC for Dr. Veraldi's opinion that Plaintiff "could not work in close cooperation with coworkers," or explain why she rejected that opinion (if she did), the Court VACATES the Final Decision and REMANDS the matter for further proceedings.

## BACKGROUND

On February 17, 2016, Plaintiff filed applications for DIB and SSI under the Social Security Act claiming she became disabled beginning July 25, 2014. After some procedural back and forth, she ultimately appeared and testified at an administrative law hearing on May 14, 2020, and a supplemental hearing on August 11, 2020, both before Administrative Law Judge Diane S. Davis (ALJ). Attorney Thomas Hill represented Plaintiff at both hearings.

The ALJ issued her written Decision on November 19, 2020. Dkt. 11-2. She determined Plaintiff had not been under a disability from the July 25, 2014, onset date through the date of her Decision. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

## DIB/SSI FRAMEWORK[3]

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in Steps One through Four. The

Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff had engaged in substantial gainful activity (SGA), but only in the period from January through August 2017, and there had been a continuous 12-month period(s) during which Plaintiff had not engaged in SGA. AR: 19, 21. At Step Two, she found Plaintiff has the following severe, medically determinable impairments: degenerative disc disease of the cervical and lumbar spine; fibromyalgia and polymyalgia rheumatica; morbid obesity; major depressive disorder and bipolar disorder; post-traumatic stress disorder (PTSD); and generalized anxiety disorder.[4] *Id.* at 21. At Step Three, she found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 24-29. She then found Plaintiff has the RFC

> to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), meaning the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and or walk for about six hours total in an eight-hour workday; sit for about six hours total in an eight-hour workday; occasionally stoop, kneel, crouch, crawl, and climb ladders,

---

[4] She also found Plaintiff has the following impairments, which she determined are non-severe: diabetes mellitus; sleep apnea; osteoarthritis of the bilateral knees; bilateral hip impairment; migraines and headaches; hypertension; hyperlipidemia; gastroesophageal reflux disease (GERD); thyroid disorder; Epstein-Barr syndrome; hand tremors; and substance abuse/opioid dependence. AR: 21. She also found Plaintiff's claimed Chronic Fatigue Syndrome, Lyme disease, dyslexia, schizophrenia symptoms, and use of supplemental oxygen, were not medically determinable impairments. AR: 23-24.

> ropes, and scaffolds; never work at unprotected heights; understand, remember, and carry out simple, routine tasks that can be learned and mastered in up to 30 days' time; work in proximity to others, tolerating occasional contact with the general public; at such levels, the claimant can maintain concentration, persistence, and pace within customary norms, make routine workplace decisions, plan and set goals, adapt to routine workplace changes, travel, and recognize and avoid ordinary workplace hazards.

*Id.* at 29.

At Step Four, the ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* at 44. And at Step Five, she found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including hotel or motel housekeeper, laundry classifier, and garment sorter. *Id.* at 45. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period. *Id.*

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

6

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes two primary arguments each with sprawling sub-arguments. But she frames the salient issues as follows: "The ALJ Failed to Properly Determine the Claimant's RFC[;]" and "The Commissioner Did Not Meet Her Burden at Step-Five[.]" Dkt. 13 at p.6. Because the Court finds the ALJ erred when determining the RFC, the Court focuses only on the first issue raised by Plaintiff.

In relevant part, Plaintiff argues the ALJ failed to properly determine her RFC. Her first argument is that the ALJ erred by not finding Plaintiff's last work was "sheltered," and by finding Plaintiff's last work from January through August 2017 was SGA. But the Court finds no error with these findings because they are supported by substantial evidence in the record.

First, Plaintiff argues "it was unfair" for the ALJ to make these findings. But whether "it was unfair" for the ALJ to make certain findings is not a legal argument and the relative "fairness" of her findings is not a basis for judicial review. Indeed, the *legal* standard is whether substantial evidence in the record supports the ALJ's findings. *Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017); 42 U.S.C. § 405(g). Applying the legal standard, the Court finds no error with these findings because they are supported by substantial evidence in the record as cited by the ALJ in her comprehensive analysis. AR: 19-21. Further, Plaintiff's arguments regarding the reasons the ALJ rejected certain evidence concerning Plaintiff's past work is little more than a request for this Court to reweigh the evidence, which it cannot do. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Ultimately, the ALJ's explanations for the weight she accorded certain evidence regarding Plaintiff's past work are reasonable and supported by substantial evidence in the record.

Second, the Court agrees with Defendant that Plaintiff's arguments misapprehend the ALJ's ability to consider Plaintiff's past work whether SGA or not. 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful

8

activity, it may show that you are able to do more work than you actually did."); *see also Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (affirming the ALJ's consideration that the claimant "had expressed an interest in returning to work and school"); *Decker v. Sec'y of Health & Human Servs.*, 86 F.3d 953, 955 (10th Cir. 1996) (claimant's testimony that he was willing to try a job supported the ALJ's finding he was not disabled); *Gonzalez v. Astrue*, 364 F. App'x 483, 488 (10th Cir. 2010) (evidence that the claimant considered returning to construction work supported the ALJ's finding that the claimant could do a limited range of unskilled light work); *Petree v. Astrue*, 260 F. App'x 33, 41 (10th Cir. 2007) (claimant's continued search for work after being fired from his last job supported a finding he was not disabled). Thus, the Court finds no error in the ALJ's consideration of Plaintiff's past work as a phlebotomist and overnight nurse when making her RFC findings.

Where the Court does find error, however, is with the ALJ's treatment of Dr. Veraldi's opinions. At the conclusion of the first hearing, Plaintiff's counsel told the ALJ, "I really believe this is a listing – a meets or equals a listing case and I think that it would have been nice to have medical expert testimony[.]" AR: 129. As a result, the ALJ kindly offered to hold the record open to hold a supplemental hearing and obtain a medical expert. *Id.* That expert was Dr. Veraldi, an impartial medical expert who testified at the supplemental hearing regarding Plaintiff's mental impairments. *See generally* AR: 24, 26-28, 134-62. The ALJ gave "great weight" to Dr. Veraldi's opinions. She found Dr. Veraldi's testimony was

> based on a thorough review of the available medical record and a comprehensive understanding of agency rules and regulations. Further, this assessment is consistent with the record, including evidence of the claimant's fluctuating mood symptoms, some reports of difficulty interacting with others, her reports concerning her ability to perform activities of daily living, and her part-time work as a phlebotomist. As this assessment is supported by a reasonable explanation of the medical evidence relied upon in making the assessment, it is given great weight.

AR: 28.

Among the many opinions she offered, Dr. Veraldi testifed Plaintiff "could not work in close cooperation with coworkers, as she has problems resolving conflict." AR: 27, 154. Plaintiff argues this opinion is not accounted for in the RFC and the ALJ gave no explanation for omitting it. The Court agrees.

The RFC contains no reference to any limitations on Plaintiff's ability to work with coworkers. AR: 29. It does reference that Plaintiff may "work in proximity to others, tolerating occasional contact with the general public," but this is too vague to somehow read as incorporating Dr. Veraldi's express opinion that Plaintiff "could not work in close cooperation with coworkers." Because the ALJ gave Dr. Veraldi's opinions "great weight," her failure to either include this limitation or discuss the reasons for its exclusion is error. *See Martinez v. Astrue*, 422 F. App'x 719, 724 (10th Cir. 2011) ("The error lies not in how the ALJ weighed Dr. LaGrand's opinion, but in his failure to include all of the limitations found by Dr. LaGrand without explaining why he rejected them, especially in light of his conclusion that her opinion was entitled to 'great weight.'"); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("We therefore agree that the ALJ should have explained why he rejected four

of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others."). It is not clear that the RFC accounts for this opinion because the ALJ failed to address the point.

Defendant argues Dr. Veraldi's opinion was not relevant to the RFC findings because her "testimony was solely for the purpose of evaluating whether Plaintiff's impairments met a listing." Dkt. 16 at p.7. But substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Nowhere in her Decision did the ALJ indicate that Dr. Veraldi's testimony was only relevant to Step Four. *See generally* AR: 16-46. She instead gave it "great weight" specifically because it was "based on a thorough review of the available medical record[,] is consistent with the record, including evidence of the claimant's fluctuating mood symptoms, some reports of difficulty interacting with others[, and] is supported by a reasonable explanation of the medical evidence relied upon in making the assessment[.]" AR: 28. This explanation is definitional relevance in the context of these proceedings. Moreover, Defendant cites no authority for the proposition that a medical expert's testimony may be selectively-relevant in consideration of the five-step sequential process—nor has the Court located any such authority.

11

The Court finds the ALJ erred by failing to either account in the RFC for Dr. Veraldi's opinion that Plaintiff "could not work in close cooperation with coworkers," or explain why she rejected that opinion (if she did).

\*     \*     \*

For the reasons shared above, the Final Decision is VACATED and this matter is REMANDED for further proceedings consistent with this Opinion & Order.[5] Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1). Any other relief sought by Plaintiff is DENIED.

DATED:  October 31, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[5] The Court declines to address Plaintiff's remaining or additional contentions of error because they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").